NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering, & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6920
     Facsimile: (213) 894-0141
     E-mail:    keith.ellison2@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE: CELLULAR TELEPHONES | No. 8:19-MJ-00058 |
|---|---|
| | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER POSTPONING SERVICE OF NOTICE REGARDING GPS MONITORING AND REQUEST FOR SEALING; DECLARATION OF KELLEN M. MCMANUS |
| | **(UNDER SEAL)** |

The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies ex parte for an order pursuant to Federal Rule of Criminal Procedure 41(f)(3) and 18 U.S.C. § 3103a(c) delaying the service of a GPS monitoring order previously ordered in the above-captioned case.  This application also seeks leave to file this application and proposed order under seal.

This application is based on the files and records in the above-captioned case, as well as the attached declaration of Drug

Enforcement Administration ("DEA") Special Agent ("SA") Kellen M. McManus.

As stated in the declaration of SA McManus, on January 9, 2019, this Court, upon a showing of probable cause by the government, ordered GPS monitoring on the following telephones:

    a. 909-609-1331, a cellular telephone issued by AT&T ("Carrier"), with IMSI 310410130639590, subscribed to Erica Castillo at 8245 Hemlock Avenue, Fontana, California and believed to be used by Francisco INCHAURREGUI ("INCHAURREGUI") ("**Subject Telephone 1**"); and

    b. 816-806-1781, a prepaid cellular telephone issued by AT&T ("Carrier"), with IMSI 310410128382659, subscribed to Prepaid Customer and believed to be used by INCHAURREGUI ("**Subject Telephone 2**," collectively with Subject Telephone 1, the "**Subject Telephones**").

The original application specified that the case involved, among other things, the following offenses: 21 U.S.C. §§ 841(a)(1) (distribution of, and possessing with intent to distribute, controlled substances) and 846 (conspiracy to distribute controlled substances).

In the government's initial application, it stated that it was complying with the procedures of Federal Rule of Criminal Procedure 41, including the requirement of service after the use of the device has ended. Rule 41 further states that a court may delay the required service. Pursuant to 18 U.S.C. § 3103a(c), for good cause upon an updated showing of the need for further delay, a court may grant an extension of the delay of notice for a warrant for a period

limited to "90 days or less, unless the facts of the case justify a longer period of delay." 18 U.S.C. § 3103a(c).

With respect to the showing necessary to justify a delay, 18 U.S.C. § 3103a(b) states that notice may be delayed if, inter alia, the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result. An adverse result is defined in 18 U.S.C. § 2705 as including the following: endangerment of the physical safety of a person; flight from prosecution; destruction or tampering with evidence; intimidation of potential witnesses; and serious jeopardy of an investigation. Moreover, the Advisory Committee Notes for FRCP 41(f)(3) state that delay of notice may be appropriate where "the officer establishes that the investigation is ongoing and that disclosure of the warrant will compromise that investigation." Finally, Section 3103a(c) provides that:

> Any period of delay authorized by this section may be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay and that each additional delay should be limited to periods of 90 days or less, unless the facts of the case justify a longer period of delay.

In this case, the original order permitted a delay of notification for 30 days after the use of the device ended. Pursuant to that original order, GPS monitoring continued to be used until February 23, 2019. Since the original order, there have been four additional orders further delaying notice. Most recently, on January 6, 2020, the Honorable Frederick F. Mumm, United States Magistrate Judge, granted a 90-day further extension. Thus, notice is to be given by March 19, 2020.

As stated in the declaration of SA McManus, the immediate service of the order would have the adverse result of placing the investigation into serious jeopardy because the investigation is ongoing, and disclosure of the warrant would compromise that investigation. Accordingly, for good cause shown, the government seeks the delay of the service of the warrant for a period of 90 days, that is, until June 17, 2020.

Dated: March 19, 2020            Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
KEITH D. ELLISON
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

## DECLARATION OF KELLEN M. MCMANUS

I, Kellen M. McManus, do hereby declare and affirm:

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), who is empowered to conduct investigations of, and to make arrests for, the drug trafficking offenses enumerated in Title 18, United States Code, Section 2516. I have received certification from the California Attorney General to conduct wiretaps as authorized in Section 629.50 et seq. of the California Penal Code.

2. I am a Special Agent ("SA") with the United States Drug Enforcement Administration ("DEA"), and I have been so employed as a Special Agent with DEA since September 2018. I am currently assigned to the Los Angeles Field Division, Orange County Resident Office. While with the Drug Enforcement Administration, I have received specialized training concerning violations of the Controlled Substances Act, contained within Title 21 of the United States Code while attending the DEA Training Academy in Quantico, Virginia.

3. Training entailed specialized drug trafficking investigative matters, including, but not limited to, drug interdiction, money laundering techniques and schemes, smuggling, financial investigations, controlled substance identification, physical and electronic surveillance, confidential source management, undercover operations, and the investigation of individuals and organizations involved in the smuggling, cultivation, manufacturing, and trafficking of controlled

substances. I have since received additional training in wire intercepts.

4. I have also spoken with individuals arrested as well as confidential informants in regard to the possession, sales and distribution of illegal substances and I have discussed these areas with other drug trafficking agents/officers. Upon talking to the aforementioned people and senior agents, I have learned street terms involving controlled substances, including for methods of ingestion, packaging, purchasing, selling, transporting, and manufacturing controlled substances. I have learned that subjects involved in the possession and sale of controlled substances often hide controlled substances in their homes, on their person, and in their vehicles.

5. Additionally, I have participated in many aspects of numerous drug investigations, including search warrants, wiretaps, conducting surveillance, and arrests. I am familiar with drug trafficking methods of operation, including the distribution, storage, and transportation of controlled substances and the collection of money proceeds of drug trafficking and methods of money laundering used to conceal the nature of the proceeds. I have conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as violations of related money laundering statutes involving the proceeds of specified unlawful activities and conspiracies associated with criminal drug trafficking activities.

6. This declaration is made in support of an application for an order pursuant to Federal Rule of Criminal Procedure 41 (f)(2)(C) and (f)(3), as well as 18 U.S.C. § 3103a(b), delaying the service of a GPS monitoring order obtained in this case. The facts set forth

2

in this declaration are based upon my own personal observations, my training and experience, and information obtained during this investigation from other sources. This declaration is intended to show that there is good cause to delay service of the previously obtained warrant and does not purport to set forth all of my knowledge of, or investigation into, this matter.

7. On January 9, 2019, I obtained from the Honorable John Early, United States Magistrate Judge, an order authorizing the disclosure of cell site information and GPS information for the following telephones:

    a. 909-609-1331, a cellular telephone issued by AT&T ("Carrier"), with IMSI 310410130639590, subscribed to Erica Castillo at 8245 Hemlock Avenue, Fontana, California and believed to be used by Francisco INCHAURREGUI ("INCHAURREGUI") ("**Subject Telephone 1**"); and

    b. 816-806-1781, a prepaid cellular telephone issued by AT&T ("Carrier"), with IMSI 310410128382659, subscribed to Prepaid Customer and believed to be used by INCHAURREGUI ("**Subject Telephone 2**," collectively with Subject Telephone 1, the "**Subject Telephones**")

8. Pursuant to that original order, GPS monitoring was authorized to continue to be used until February 23, 2019. The initial order required service 30 days after the use of the device ended. Since the original order, there have been three additional orders further delaying notice. Most recently, on January 6, 2020, the Honorable Frederick F. Mumm, United States Magistrate Judge, granted a 90-day further extension. Thus, notice is to be given by March 19, 2020.

3

9. Based on my training and experience, I believe that good cause exists to delay the service of the warrant as normally required for a further period of 90 days because the investigation is ongoing, and disclosure of the warrant would compromise that investigation. Specifically, INCHAURREGUI, the user of the **Subject Telephones,** remains a target of an ongoing investigation into the distribution of multi-kilograms quantities of controlled substances. As part of that investigation, agents have obtained multiple wiretap orders for telephone numbers used by INCHAURREGUI and his co-conspirators and to date have seized over 450 pounds of methamphetamine along with multi-kilogram seizures of other controlled substances and thousands of dollars in suspected drug proceeds. The wiretap orders and the communications intercepted thereto remain under seal. I believe that disclosure of the warrant will compromise this investigation, which is ongoing. I also believe that disclosing the warrant is likely to cause INCHAURREGUI and his co-conspirators to flee from prosecution and lead to the destruction of or tampering with evidence and intimidation of potential witnesses. Disclosing the warrant is also likely to endanger the life or physical safety of cooperating sources, who have provided information to law enforcement during this investigation. Accordingly, for good cause shown, the government seeks the delay of the service of the warrant for a period of 90 days.

10. For the foregoing reasons, I request that the service of the GPS monitoring order be delayed for a further period of 90 days. In addition, because of the ongoing nature of this investigation, I

4

further request that both this application and the proposed order be filed under seal.

    I declare and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

    Executed on March 19, 2020, at Santa Ana, California.

/s/ KELLEN M. MCMANUS
KELLEN M. MCMANUS
DRUG ENFORCEMENT ADMINISTRATION

5